CHANGE OF VENUE.
    An order for change of venue to the county where the cause of action arose will not be disturbed where the affidavits show with reasonable certainty that the convenience of a majority of the witnesses who will be sworn will be thus suited.

Appeal from special term, New York county.
Argued before VAN BRUNT, P. J., and BRADY and DANIELS, JJ.
Freeman & Green, for appellants.    H. H. Hustis, for respondents.

VAN BRUNT, P. J. An examination of the papers in this case fails to disclose an error made by the court below in changing the place of trial. That the convenience of a majority of such of the witnesses who are sworn to in the affidavits as will be examined in the trial will be consulted by having the trial in Dutchess county, where the defendants reside, and where the cause of action, if any, arose, seems to be established with reasonable certainty. The order appealed from should be affirmed, with costs. All concur.

---

### WATTS v. ADLER.

(Supreme Court, General Term, First Department. November 7, 1889.)

PARTNERSHIP—ACCOUNTING—WHEN ACTION LIES.
    In an action for an accounting between partners it appeared that on the termination of the partnership there was a settlement; that there was no fraud; and that the only evidence of mistake was as to a single item. Evidence of outstanding assets and liabilities was excluded, on the objection of both parties that it was competent only on the accounting. Held, that the complaint was properly dismissed. DANIELS, J., dissenting.

Appeal from special term, New York county.
Action by James R. Watts against Samuel B. Adler for an accounting. The complaint was dismissed on trial, and plaintiff appeals.
Argued before VAN BRUNT, P. J., and BRADY and DANIELS, JJ.
Tredwell Cleveland, for appellant.    Jacob F. Miller, for respondent.

VAN BRUNT, P. J. I cannot concur in the conclusion arrived at by Mr. Justice DANIELS. The court below found upon competent evidence that upon the termination of the copartnership the accounts between the partners were settled and liquidated, and notes given for the balance due, and that there was no fraud or mistake by which such settlement could be impeached. The only evidence as to any mistake related to a claim for rent,—a single item. There was no proof of outstanding assets or other liabilities, and if there was only

one unsettled item between the parties no accounting was necessary, as an action at law would be by one partner against the other, to recover one-half of the amount. There was no exception taken to the exclusion of evidence upon the ground that the evidence was only competent upon an accounting, and this objection was made by both parties. The judgment appealed from should be affirmed, with costs.

BRADY, J., concurs.

DANIELS, J., (*dissenting*.) The action was brought for an accounting of the affairs and business of the parties as copartners. Upon a preceding trial the complaint was dismissed on the ground that no cause of action for an accounting was presented by it. An appeal was taken to the general term from the judgment, where the complaint was regarded as sufficient in its statements for an action of this description, and the judgment was reversed and a new trial ordered. *Watts* v. *Adler*, 13 N. Y. St. Rep. 553. It appeared that a settlement had taken place between the parties after the dissolution of the partnership, and notes had been given by the defendant to the plaintiff, which he had negotiated and passed into the hands of other persons. But this settlement on behalf of the plaintiff was claimed to have been only partial in its character; and evidence was proposed to be obtained from him, as a witness, establishing the fact to be that other liabilities of the firm remained outstanding and unsettled, and that accounts due to it were unpaid. This evidence, in part, at least, was objected to by the defendant's counsel, and it was excluded by the court, for the reason that it was more proper to be received and considered upon the accounting itself. The plaintiff, therefore, had no opportunity of making this proof, showing the necessity for an accounting before the court. And at the close of the evidence the complaint was dismissed, apparently upon the ground that no action for an accounting, as the proof presented it, existed in favor of the plaintiff. But, as there were unsettled dealings of the partnership still outstanding, although not specifically proved, to that extent the action was well founded. The relations and business of the parties were confidential, as they usually are among partners; and, when a disagreement shall arise in their adjustment, courts of equity have uniformly taken the jurisdiction of the controversies, and settled them according to the rights and liabilities of the parties. *Marvin* v. *Brooks*, 94 N. Y. 71. It has the ability, which a court of law has not, to inquire into and investigate, not only the relations of the parties, but their rights to participate in the division of the profits of the firm, and their obligations to satisfy and extinguish its liabilities. These attributes all form a part of the decree directed to be entered in this class of cases; and the fact that the parties had largely settled their affairs prior to the commencement of the action formed no objection to their completion and adjustment through its intervention. It was not requisite that the notes should be returned, and the settlement, as far as it had been carried out, rescinded; but what was necessary in the action was to settle and take the accounting for that which still remained uncollected and unpaid and unadjusted between the parties. And, even if the case had been such as to be capable of being made the subject of an action at law, still, as the objection was not presented by the answer served, it had been waived by the defendant. *Truscott* v. *King*, 6 N. Y. 147, 165. The judgment should be reversed, and a new trial ordered, with costs to the plaintiff to abide the event.